# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **Anthon Hubbard Mills,** | ) | **CASE NO. 1:12 CV 1599** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **St. Vincent Charity Hospital,** | ) | |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

*Pro se* Plaintiff Anthon Hubbard Mills filed this action under 42 U.S.C. §1983 against St. Vincent Charity Hospital. In the Complaint, Plaintiff claims he committed a crime shortly after his release from the hospital because he was under the influence of illegal drugs. He seeks monetary damages for negligence.

Plaintiff filed an Application to Proceed *In Forma Pauperis*. That Application is granted.

## BACKGROUND

Plaintiff alleges he was under the influence of Phencyclidine, also known as PCP, and other "prescribed medications" when he arrived at the emergency room of St. Vincent Charity Hospital. He contends that the physicians knew that PCP would stay in his body for weeks and

could cause flashbacks.  He claims he was released from the St. Vincent Charity Hospital psychiatric ward on April 24, 2012 while PCP was still in his body.  He alleges he does not remember leaving the hospital.  Plaintiff contends he wandered a short way down the block and was arrested for "un-normal," unconscious, and uncontrolled behavior.[1]  (ECF No. 1 at 2.)  He claims St. Vincent Hospital is liable for his arrest because they should have placed him on "supervised release."

### STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2]  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual

---

[1] Cuyahoga County Court of Common Pleas dockets show Plaintiff was arrested on April 24, 2012 and charged with burglary, trespass in a habitation when a person is present, kidnaping, gross sexual imposition, receiving stolen property, and sexual imposition. *See State v. Hubbard*, No CR-12-5621225 (Cuyahoga Cty Ct. Comm. Pl. indictment filed May 4, 2012). He pled guilty on August 27, 2012 to the charges of attempted gross sexual imposition, receiving stolen property, and sexual imposition. Cuyahoga County Court of Common Pleas dockets can be viewed at: http://cpdocket.cp.cuyahogacounty.us/

[2] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the Plaintiff and without service of process on the Defendant, if the Court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

**DISCUSSION**

Plaintiff fails to state a claim for relief under 42 U.S.C. § 1983. To establish a *prima facie* case under 42 U.S.C. § 1983, Plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Plaintiff has not alleged facts to demonstrate that the Defendant can be considered to be a "state actor" nor has he specified a federal constitutional right he believes to have been violated by the Defendant.

Generally to be considered to have acted "under color of state law," the Defendant must be a state or local government official or employee. The Defendant is a private Catholic Hospital, not a state actor. Private parties will only be subject to suit under § 1983 if their

-3-

actions may be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). The Supreme Court has established four tests for determining whether the challenged conduct may be fairly attributable to the state for purposes of a § 1983 claim. These are: (1) the public function test; (2) the state compulsion test; (3) the symbiotic relationship or nexus test; and (4) the entwinement test. *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir.1992); *Brentwood Acad. v. Tenn. Secondary Sch. Ath. Ass'n*, 531 U.S. 288, 298 (2001).

The public function test requires that the private entity exercise powers that are traditionally exclusively reserved to the state, such as holding elections, *Flagg Bros. v. Brooks*, 436 U.S. 149, 157 (1978), or exercising the power of eminent domain. *See Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 353 (1974). Providing medical care is not a power reserved exclusively to the state.

The state compulsion test requires that a state exercise such coercive power or provide such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the state. *See Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982). Again, Plaintiff does not allege the state exercised any powers over Defendant's actions.

Under the symbiotic relationship or nexus test, the action of a private party constitutes state action when there is a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself. *See Jackson*, 419 U.S. at 357-58; *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 724-25 (1961). This occurs only when the party "acted together with or ... obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." *Lugar*, 457 U.S. at 937. There is no indication that the

Defendant secured significant assistance from the state in providing medical care to the Plaintiff.

Finally, the entwinement test requires that the private entity be "entwined with governmental policies" or that the government be "entwined in [the private entity's] management or control." *Brentwood*, 531 U.S. at 296.  The crucial inquiry under the entwinement test is whether the "nominally private character" of the private entity "is overborne by the pervasive entwinement of public institutions and public officials in its composition and workings [such that] there is no substantial reason to claim unfairness in applying constitutional standards to it." *Id*. at 298.  The fact that a public entity has acted in compliance with a private entity's recommendations does not transform the private entity into a state actor. *Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179 (1988).  There is no suggestion that the government was excessively intertwined with Plaintiff's medical care or the decision to release the Plaintiff from the hospital.

Because the Defendant does not qualify as a "state actor" under any of the four tests set forth by the Supreme Court, it cannot be held liable for claims asserted under 42 U.S.C. § 1983.

In addition, 42 U.S.C. § 1983 also requires Plaintiff to allege the Defendant deprived him of a particular constitutional right.  Plaintiff indicates the Defendant was negligent in releasing him from the hospital.  Allegations of negligence, however, will not support a claim for relief under § 1983. *Lewellen v. Metropolitan Government of Nashville and Davidson County, Tenn.*, 34 F.3d 345, 348 (6th Cir. 1994).  Plaintiff does not specify a constitutional right he believes the Defendant violated and none is apparent on the face of the Complaint.

Principles requiring generous construction of *pro se* pleadings are not without limits.

*See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A Complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudett*, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* at 1278. Even liberally construed, the Complaint does not sufficiently state a viable claim against this Defendant.

### **CONCLUSION**

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 11/1/12